UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM DON HOOVER,

    Petitioner,

    v.

MICHAEL MARTEL, Warden,

    Respondent.

No. C-11-4734 EMC (pr)

**ORDER OF DISMISSAL**

## **INTRODUCTION**

William Don Hoover, an inmate at San Quentin State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition will be summarily dismissed without prejudice because state court remedies have not been exhausted on nay of his claims.

## **BACKGROUND**

The petition and attachments thereto provide the following information: Hoover pled no contest and was convicted in Napa County Superior Court of possession of methamphetamine for sale and was found to have suffered four prior prison terms. On September 22, 2010, Hoover was sentenced to a total of eight years in prison.

Hoover appealed. The judgment of conviction was affirmed by the California Court of Appeal on May 18, 2011. Hoover attempted to seek review in the California Supreme Court by filing a notice of appeal and request for extension of the deadline to file a petition for review. The

1  California Supreme Court construed the filing to be a petition for review and denied it on July 27,
2  2011.
3        Hoover then filed this action. In his federal petition, Hoover alleges three claims: (1) he
4  received ineffective assistance of trial counsel, (2) he was denied his Sixth Amendment right to hire
5  counsel of his choosing, and (3) the California Supreme Court denied him due process by refusing to
6  allow him to submit an opening brief before denying his petition.

## DISCUSSION

8        Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings
9  either the fact or length of their confinement are first required to exhaust state judicial remedies,
10  either on direct appeal or through collateral proceedings, by presenting the highest state court
11  available with a fair opportunity to rule on the merits of each and every claim they seek to raise in
12  federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A fully
13  unexhausted petition must be dismissed. *See generally Rose*, 455 U.S. at 510. A district court does
14  not have discretion to stay a petition containing only unexhausted claims. *See Rasberry v. Garcia*,
15  448 F.3d 1150, 1154 (9th Cir. 2006).
16        Hoover has not exhausted state court remedies as to any of his claims because none of his
17  claims were presented to the California Supreme Court to give that court a fair opportunity to rule on
18  the merits. The California Court of Appeal had considered his case after appellate counsel had filed
19  a *Wende* brief[1] – a brief that, by its very nature, presented no legal claims – and Hoover had not filed
20  any supplemental brief to raise any legal claim. Petition, Ex. A at Ex. A1, p. 2. The California
21  Court of Appeal found "no meritorious issues to be argued, or that require further briefing on
22  appeal." Petition, Ex. A at Ex. A1. After the California Court of Appeal affirmed, Hoover

---

[1] Under California's *Wende* brief procedure, *see People v. Wende*, 25 Cal.3d 436 (1979), counsel, upon concluding that an appeal would be frivolous, (1) files a brief with the appellate court that summarizes the procedural and factual history of the case, (2) attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a pro se supplemental brief, and (3) requests that the appellate court independently examine the record for arguable issues. The state appellate court, upon receiving a *Wende* brief, conducts a review of the entire record and affirms if it finds the appeal to be frivolous. If, however, it finds an arguable (*i.e.*, nonfrivolous) issue, it orders briefing on that issue. *See Smith v. Robbins*, 528 U.S. 259, 266 (2000).

attempted to seek relief in the California Supreme Court.[2] The California Supreme Court denied review. The activities in the California Supreme Court did not exhaust any issue. "As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal." Cal. Rule of Court 8.500(c)(1). As the California Court of Appeal had been presented with no legal claims from Hoover's counsel or Hoover, and had found no claims worthy of consideration on its own, the California Supreme Court had no legal claim before it. Hoover identified some legal claims in his notice of appeal to the California Supreme Court, but those claims were beyond the scope of what the California Supreme Court would have considered on review because none of those claims had been raised in the California Court of Appeal.

State court remedies have not been exhausted for any of the three claims in the federal petition. The petition therefore must be dismissed and may not be stayed while Hoover exhausts state court remedies. *See Rasberry*, 448 F.3d at 1154. Hoover is urged to **act swiftly** to exhaust his state court remedies and immediately file a new federal habeas petition after he receives a decision from the California Supreme Court to avoid running afoul of the one-year statute of limitations on the filing of federal habeas petitions, 28 U.S.C. § 2244(d).

## **CONCLUSION**

This action is dismissed because state court remedies have not been exhausted for any of the claims in the petition. This dismissal is without prejudice to Hoover filing a new action after he exhausts state court remedies. When Hoover files that new petition after exhausting, he should *not* include the case number for this case on that petition because this action is now being closed. Instead, Hoover should leave the case number blank, and a new case number will be assigned by the Court when the new petition is filed.

---

[2] Hoover never filed a petition for review that discussed the merits because his notice of appeal was construed by the California Supreme Court to be a petition for review and then denied by that court. In the notice of appeal, Hoover had stated that he challenged "the validity of the plea" made "in a coercive and erroneous process based on illegal search, and based on erroneous advice by the public defender." Petition, Ex. A at Ex. A1.

Hoover's application to proceed *in forma pauperis* is DENIED.  (Docket # 2.)  Although notified by the Court of the deficiency, Hoover failed to file the certificate of funds and copy of his inmate trust account statement needed to complete the application.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: December 13, 2011

_____
EDWARD M. CHEN
United States District Judge

4